## 48210. CARTER v. STATE OF GEORGIA.

EVANS, Judge. At the conclusion of a trial of three joint defendants in Cook Superior Court, Judge H. W. Lott pronounced a sentence of contempt of court against defense attorney Jack W. Carter, and on the following day placed the judgment in writing as follows: "Whereas during the trial of a case in Cook Superior Court on February 13, 1973, Jack Carter, one of the attorneys in the case refused to obey the orders of the court during the trial of the case and refused to respect the right of the District Attorney to even ask a witness a question without interruption until he had finished the questions although ordered by the court to be quiet and make his objection in the proper manner. Such conduct continuing throughout the trial of the case. The said Jack Carter was order to pay $200.00 or serve ten days in jail for contempt of court. He elected to serve ten days in jail beginning at 6:30 p.m. Feb. 13, 1973. Therefore, it is the order of the court that he serve ten days in the common jail of Cook County, Georgia."

1. Defendant contends in his brief and in oral argument that in contempt cases, such as this, the defendant is entitled to a trial by jury. We hold against him in this contention. The provisions of the Constitution of the United States which he cites do not guarantee such right. Nor do we know of any such. The contempt judgment in the case sub judice was not pronounced until the trial had ended, and after a mistrial had been declared. The whole complexion of the case indicated that two witnesses, who were clients of Attorney Carter, had not given evidence which was satisfactory to the District Attorney, and there seemed to be little chance of a conviction.

2. The transcript shows that two witnesses were examined and cross examined on a preliminary motion and six additional witnesses were examined and cross examined on trial of the principal case covering 91 pages of the transcript without unusual incident. Both the District Attorney and Attorney Carter made various objections, some of which were sustained and some of

which were overruled. No quarrel or dispute of any moment arose during such interrogation. The sixth witness called by the State was James Scott Harris, who was a joint defendant in the indictment, but as to whom a serverance had been elected by the District Attorney. Attorney Carter announced to the court that he represented James Scott Harris and wished to confer with him before he was sworn, out of the presence of the court, which right was granted. The seventh witness called by the State was Dempsey S. Horne, and Attorney Carter announced that he also represented Horne, and wished to confer with him outside the presence of the court, but on objection of the District Attorney, the court overruled Carter's motion, because the rule of sequestration had been invoked.

The District Attorney announced that he was granting immunity to the witness so he might testify against his co-defendants who were on trial, and Attorney Carter insisted on his right to confer with his client despite said oral statement of immunity. No writing showing immunity was ever produced, nor did the trial judge join in the alleged grant of immunity. Attorney Carter made known his objections to the District Attorney's having conferred with Carter's client, not in Carter's presence or with his permission. The District Attorney did not admit having talked previously to Carter's clients. But the witness was sworn without Attorney Carter ever having the opportunity of conferring with him. This was the only witness examined about which the District Attorney and Attorney Carter clashed. The record, therefore, does not support that part of the judgment which recites that Attorney Carter ". . . refused to respect the right of the District Attorney to *even ask a witness a question without interruption and until he had finished the questions,* although requested by the Court to be quiet and make his objection in the proper manner." (Emphasis supplied.)

3. Error is enumerated because the judgment is so vague and indefinite as to be void; and does not specially find the facts and conclusions of law upon which the order was rendered. The only findings of any nature are those which are contained in the contempt judgment previously set forth herein.

The trial court erred as complained of in this enumeration of error. See *Garland v. State,* 99 Ga. App. 826 (110 SE2d 143).

4. For the reasons stated above, this case is reversed.

*Judgment reversed. Hall, P. J., and Clark, J., concur.*

ARGUED MAY 8, 1973 — DECIDED JULY 16, 1973 — REHEARING

538

*Robert L. Cook,* for appellant.
*Vickers Neugent, District Attorney,* for appellee.

ADDENDUM.

EVANS, Judge. We do not reach the question of whether State's counsel may grant immunity to a witness; and if so, whether the grant must be in writing, and approved by the judge of the court. This question does not appear to have been decided in Georgia, although two cases mention immunity in opinions which are clearly obiter dicta, to wit: *Howard v. State,* 60 Ga. App. 229, 237 (4 SE2d 418); *Smith v. State,* 74 Ga. App. 777, 783 (41 SE2d 541). The General Assembly of Georgia has dealt with immunity but only to a limited extent, to wit, allowing gamblers to testify against each other with immunity (Code § 26-6407, now repealed — see New Criminal Code, § 26-9907); in a conspiracy to violate the laws against illegal liquors (Code § 58-116); and in declaring persons rendering assistance to a law enforcement officer who is being hindered in the performance of his duties to be immune from any criminal liability (Code Ann. § 27-219; Ga.L. 1967, p. 745). It well may be that by granting immunity in such cases, and not mentioning any other grant of immunity, under the principle of inclusio unius est exclusio alterius, no other immunity exists under the laws of the State of Georgia.

I am authorized to state that Judge Clark concurs in this addendum.